UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22497-MOORE/Elfenbein

**RAZIEL OFER**,

    Plaintiff,

v.

**1560/1568 DREXEL AVENUE, LLC**, *et al.*,

    Defendants.

_____/

## OMNIBUS ORDER ON PLAINTIFF'S RENEWED MOTION FOR LEAVE TO AMEND COMPLAINT AND DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court on two motions: (1) *Pro se* Plaintiff Raziel Ofer's Renewed Motion for Leave to Amend First Amended Complaint ("Renewed Motion for Leave to Amend"), ECF No. [18]; and (2) Defendant 1560/1568 Drexel Avenue LLC, Defendant RO1 15R LLC, Defendant 1434 Collins LLC, Defendant MPM 17A LLC, and Defendant AJAR Holdings LLC's Motion to Dismiss Amended Complaint ("Motion to Dismiss"), ECF No. [12]. The Honorable K. Michael Moore referred this case to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." *See* ECF No. [7]. For the reasons explained below, Plaintiff's Renewed Motion to Amend, **ECF No. [18]**, is **GRANTED**, and Defendants' Motion to Dismiss, **ECF No. [12]**, is **DENIED AS MOOT**.[1]

___

[1] Although it does not appear that the Eleventh Circuit has addressed the issue in a published opinion, it has indicated in several unpublished opinions that motions for leave to amend pleadings under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) are non-dispositive matters a magistrate judge may resolve by order. *See, e.g.*, *Reeves v. DSI Sec. Servs., Inc.*, 395 F. App'x 544, 548 (11th Cir. 2010) ("A district court may also designate a magistrate judge to rule on certain non-dispositive pretrial motions, such as a motion to amend a complaint."); *Palmore v. Hicks*, 383 F. App'x 897, 899–900 (11th Cir. 2010) ("An order disposing of a motion to

I.  BACKGROUND

Plaintiff filed his initial Complaint against Defendants on June 28, 2024. *See* ECF No. [1]. He then amended the initial Complaint on July 3, 2024. *See* ECF No. [9]. Plaintiff had the right to do so under Federal Rule of Civil Procedure 15, which allows a party to "amend its pleading once as a matter of course no later than . . . 21 days after serving it." *See* Fed. R. Civ. P. 15(a)(1)(A).

On August 19, 2024, Defendants filed their Motion to Dismiss the Amended Complaint. *See* ECF No. [12]. In the Motion to Dismiss, Defendants argue that this Court lacks subject-matter jurisdiction to decide the Amended Complaint because Plaintiff does not satisfy the requirements to invoke diversity jurisdiction. *See* ECF No. [12] at 1–6. They also argue that the Amended Complaint fails to state a claim upon which relief can be granted both because it is a shotgun pleading and because Plaintiff, as a matter of law, cannot satisfy the elements of his claims. *See* ECF No. [12] at 6–8.

After the Motion to Dismiss became ripe for decision, *see* ECF No. [13]; ECF No. [14], Plaintiff filed a Motion for Leave to Amend the Amended Complaint ("Motion for Leave to Amend"), *see* ECF No. [16]. The Court denied the Motion for Leave to Amend because it lacked the certificate of conference required under Local Rule 7.1(a)(3). *See* ECF No. [17]. Plaintiff then filed the Renewed Motion for Leave to Amend. *See* ECF No. [18].

In the Renewed Motion for Leave to Amend, Plaintiff seeks to file a Second Amended Complaint to fix "inaccuracies" in the "dates alleged" and to "more concretely" allege "diversity

---

amend is a non-dispositive pretrial ruling."). The same is true in other circuits. *See Bosarge v. Mobile Area Water & Sewer Serv.*, No. 18-00240-TM-N, 2018 WL 11319086, at *2 n.3 (S.D. Ala. Sept. 19, 2018) (collecting cases nationwide in which courts have determined that motions to amend pleadings are non-dispositive). Because the Renewed Motion for Leave to Amend is a non-dispositive pretrial motion, I resolve it with an Order instead of a Report and Recommendation. And because granting the Renewed Motion for Leave to Amend moots the Motion to Dismiss, I resolve it in this same Order without reaching the merits of the Motion to Dismiss.

jurisdiction." *See* ECF No. [18] at 1. He also wishes to add "other causes of action" that have been "revealed." *See* ECF No. [18] at 1. He explains that he intends "to better plead the causes of action and to clarify facts with more specificity such that" Defendants "may be placed on proper notice as to what to defend against." *See* ECF No. [18] at 1.

In their Response to the Renewed Motion for Leave to Amend, Defendants note that they "do not believe" Plaintiff's "proposed Second Amended Complaint cures the multitude of jurisdictional and pleading deficiencies of" the two earlier "iterations, however, mindful of the liberal policy of amendment, they nonetheless do not object." *See* ECF No. [19] at 1. Despite their lack of objection to the amendment, Defendants request that, if the Court grants Plaintiff leave to amend, "it does so with the admonition that the proposed Second Amended Complaint be deemed Plaintiff's final operative pleading, with no further amendments permitted." *See* ECF No. [19] at 2. Defendants make that request because they argue "Plaintiff has been afforded ample opportunity to amend his pleadings, each time expending resources of the Court and" Defendants. *See* ECF No. [19] at 1.

In his Reply in support of the Renewed Motion for Leave to Amend, Plaintiff "opposes" Defendants' requested "admonishment" because discovery has not yet occurred and may "reveal . . . other causes of action or material facts" that warrant amending the complaint again. *See* ECF No. [20] at 1. He also notes that "this is the first amendment" he has "requested," so he argues Defendants' requested "admonition" would not be "in the interests of justice." *See* ECF No. [20] at 2.

## II. LEGAL STANDARDS

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after

3

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation marks omitted); *see also Fritz v. Std. Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga.), *order clarified*, 15 F. Supp. 3d 1329 (N.D. Ga. 2013); *see also Rios v. Bakalar & Assocs., P.A.*, 795 F. Supp. 2d 1368, 1370 (S.D. Fla. 2011) (denying motion to dismiss initial complaint as moot when plaintiff filed an amended complaint); *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 17-CV-20724-KMM, 2017 WL 5668110, at *2 (S.D. Fla. Oct. 13, 2017) (same).

### III. DISCUSSION

Because Plaintiff amended his initial complaint just days after filing it, *see* ECF No. [1]; ECF No. [9], he has already used his one opportunity to amend as of right. *See* Fed. R. Civ. P. 15(a)(1)(A). As a result, Plaintiff may now file a Second Amended Complaint only with Defendants' "written consent" or with the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Although Defendants do not object to Plaintiff's Motion for Leave to Amend, *see* ECF No. [19] at 1, they did not give their unconditional written consent for him to amend the Amended Complaint, *see generally* ECF No. [19]. Thus, Plaintiff may only file a Second Amended Complaint if the Court

4

grants him leave.

Rule 15 makes clear that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Although Plaintiff has already amended his complaint once, he did so at the very beginning of this action. This is Plaintiff's first request for leave to amend, *see* ECF No. [20] at 2, and it comes more than two months after his amendment as of right, *see* ECF No. [9].

While Plaintiff does not explain exactly how the causes of action he wishes to add were "revealed" to him during that time, *see* ECF No. [18] at 1, the Court recognizes that additional plausible theories of recovery can become known as a case progresses. And it is, of course, best for all parties if all causes of action are asserted as early in a case as possible so that Defendants are given adequate notice of what they must defendant against. *Cf. Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015) (noting that improper shotgun pleadings fail to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"). For that reason, and because Defendants do not object, the Motion for Leave to Amend, **ECF No. [18]**, is **GRANTED**. The Second Amended Complaint attached to the Motion for Leave to Amend, *see* **ECF No. [18-1]**, will now become the operative one but must be separately filed on the docket as ordered below.

As to Defendants' requested admonition, the Court declines to include it in this Order. Defendants are correct that the Court has "limited time and resources," but Plaintiff has not overtaxed the Court's time and resources in this action — at least not yet. Nonetheless, the Court notes that any further requests for leave to amend the complaint must be properly justified, which means that they must include, at a minimum, an explanation of why any newly added causes of action could not have been included earlier and why Defendants would not be prejudiced by adding them at the time of the request. *See, e.g., Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th

Cir. 1999) (noting that a court does not abuse its discretion when denying a motion for leave to amend "when the amendment would prejudice the defendant, follows undue delays, or is futile"); *Ohai v. Delta Cmty. Credit Union*, No. 120CV02220SCJAJB, 2021 WL 2679067, at *9 (N.D. Ga. June 7, 2021).

Finally, because the Court granted Plaintiff's Motion for Leave to Amend, the Second Amended Complaint, ECF No. [18-1], supersedes the Amended Complaint, ECF No. [9]. *Dresdner Bank*, 463 F.3d at 1215; *Fritz*, 676 F.2d at 1358. And because Defendants' Motion to Dismiss is directed at the no-longer-operative Amended Complaint, *see* ECF No. [12] (noting that it is directed at ECF No. [9]), it is now moot. *Rios*, 795 F. Supp. 2d at 1370; *S. Pilot Ins. Co.*, 15 F. Supp. 3d at 1287 n.1; *Pro Transp., Inc.*, 2017 WL 5668110, at *2. Accordingly, the Motion to Dismiss, **ECF No. [12]**, is **DENIED AS MOOT**.

### IV. CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Amend, **ECF No. [18]**, is **GRANTED**, and, as a result, Defendants' Motion to Dismiss, **ECF No. [12]**, is **DENIED AS MOOT**. Plaintiff shall separately file the Second Amended Complaint on the docket **no later than October 16, 2024**.

**DONE and ORDERED** in Chambers in Miami, Florida on October 9, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE**

CASE NO. 24-CV-22497-MOORE/Elfenbein

cc:     All Counsel of Record

        Raziel Ofer
        3701 Degarmo Ln
        Miami, FL 33133
        646-431-7934
        Raz.Ofer2@gmail.com
        *PRO SE*