**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:24-cv-22497-KMM

RAZIEL OFER,

    Plaintiff,

v.

1560/1568 Drexel Avenue, LLC, *et al.*,

    Defendants.

_____/

**ORDER**

    THIS CAUSE came before the Court upon a *sua sponte* review of the record.  On June 28, 2024, *pro se* Plaintiff Raziel Ofer filed this action alleging several counts of fraud against Defendants and requesting equitable relief.  *See generally* (ECF No. 1).  As an initial matter, a *pro se* litigant is subject to the same sanctions as any other litigant.  *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989).  Moreover, 'our federal courts have 'never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'"  *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1364 (S.D. Fla. 2019) (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

    The "district court's decision to impose sanctions under its inherent power" is reviewed for abuse of discretion.  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991)).  Sanctions under a court's inherent powers are appropriate upon a finding of bad faith.  *See Barnes*, 158 F.3d at 1214.  "A finding of bad faith is warranted where [a litigant] knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order."  *Id.* (quotations omitted).  "Although *pro se*

plaintiffs are generally treated somewhat more leniently than parties represented by counsel, pro se filings do not serve as an 'impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Martins v. Royal Caribbean Cruises, Ltd.*, 431 F. Supp. 3d 1355, 1365 (S.D. Fla. 2019) (quoting *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988)) (cleaned up). A "primary" aspect of the court's discretion to exercise its inherent powers "is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Barnes*, 158 F.3d at 1215 (quotations omitted).

Here, this Court easily finds Plaintiff has acted in bad faith. First, many of Plaintiff's pleadings contain inaccurate statements. For example, in a sworn affidavit, Plaintiff stated:

> Judge Laurel Isicoff is the subject of serval actions before the District Court for the Southern District of Florida and the Eleventh Circuit Court of Appeals where Mr. Ofer has brought claims for corruption and criminal conduct which Mr. Ofer knows will prejudice him in any determination of the motion to vacate. Judge Isicoff has been implicated in criminal conspiracy, theft, accepting bribes and assisting, aiding and abetting Roniel Rodriguez and Stuart Kalb in the theft of tens of millions of Real Estate.

*See* (ECF No. 63 at 1). Plaintiff further states, without justification, that Judge Isicoff is "antisemitic" and has stolen property from him. *See id.* The Court further notes that many of Plaintiff's filings consist of fantastical or delusion claims that are clearly baseless and asserted with malicious intent. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Martins*, 431 F. Supp. 3d at 1365. Specifically, Plaintiff's statements to this Court via electronic mail ("email") are disturbed, malicious, and disruptive to this action. For example, in an email to Magistrate Judge Elfenbein's Chambers on February 27, 2025, Plaintiff stated "You must stop threatening my life with your criminal partners and stop the antisemitic threats. You want to get my leg amputated, you'll look the same if your head gets amputated." Unfortunately, Plaintiff has berated this Court with offensive emails and improper submissions repeatedly over the course of this litigation, including the following statements:

- "Judge Isicoff is on her way to prison, I'll not elaborate who instructed her to recuse herself, I'll only say that she didn't do it voluntarily......"

- "Judge Moore, I knew you're a fucking crook, idiot and antisemitic. You'll fucking pay for it. I submitted all the medical records that I can't fly to the retarded and corrupt Elfenbein[.]"

- "Since you joined these violent mafia, you need to know that these people can turn against you as well, in a violent way, if for some reason they lose the case. I pray to god that they do it to you."

- "Judge Moore - You'll fail, fucking crook. I'll never do anything illegal, I'll send a collection team from Jamaica to speak with you and explain you the legal action they would take against you to convince you that you can operate like a mafia. They only pursue you through the Courts if they can't persuade you to act as a Judge and like a mafia."

- "It's clear that at least Judge Moore knows that Antisemitism is criminal and he is likely to be arrested for protecting and helping spread antisemitism. Not only will the plaintiff file a complaint against Moore with a special FBI unit investigating Antisemitism, the plaintiff will now urgently pursue Judge's Moore extradition to Israel to face Justice."

Considering the sheer number of incidents and nature of Plaintiff's conduct, this Court finds dismissal of this action with prejudice appropriate. First, Plaintiff's behavior has been disruptive to the litigation in this case. Second, this Court finds that Plaintiff's behavior is a clear attempt to abuse and undermine the judicial process—which this Court will not condone. *See e.g. Barnes*, 158 F.3d at 1215. Accordingly, based on the foregoing, it is hereby ORDERED AND ADJUDGED that the Second Amended Complaint (ECF No. 25) is DISMISSED WITH PREJUDICE. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 13th day of March 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:   All counsel of record